ORDER
This matter is before the court on the appellant’s Petition for Rehearing En Banc. We also have a response. The implicit request for panel rehearing contained in appellant’s petition is denied by the original hearing panel. The entire petition, as well as the response, was also circulated to all of the judges of the court who are in regular active service. A poll was called, and a majority of the court voted to deny the en banc request. See Fed. R.App. P. 35(a). Judges Hartz, Tym-kovich, Gorsuch and Holmes voted to allow en banc reconsideration.
HARTZ, Circuit Judge, dissenting from the denial of rehearing en banc:
I respectfully dissent from the denial of en banc review. We are bound by Supreme Court precedent to hold that the Guarantee Clause claim is nonjusticiable as a political question.
The Guarantee Clause provides: “The United States shall guarantee to every State in this Union a Republican Form of *1187 Government.” U.S. Const, art. IV, § 4. The claim in this case is that TABOR, an amendment to the Colorado constitution adopted by voter initiative, violates the Guarantee Clause by requiring advance voter approval of new taxes. A quite similar claim was raised in the United States Supreme Court in Pacific States Telephone & Telegraph Company v. Oregon, 223 U.S. 118, 32 S.Ct. 224, 56 L.Ed. 377 (1912). Oregon had amended its constitution to allow the enactment of legislation through an initiative or referendum. One statute so enacted imposed a tax on Pacific States. The company defended against collection of the tax on the ground that the initiative process violated the Guarantee Clause. The Supreme Court held that the claim based on the Guarantee Clause was a political question and “not, therefore, within the reach of judicial power.” Id. at 151, 32 S.Ct. 224. The provisions in the Oregon and Colorado constitutions are obviously not identical. But I am at a loss to find a principled basis on which to hold that the challenge in Pacific States was a political question while the challenge here is not. ■ In both, the gist of the claim has been that the Guarantee Clause was violated by the transfer of legislative power from the legislature to the electorate.
The panel opinion attempts to distinguish Pacific States on the ground that it raised “a much broader legal challenge” than does this case. Kerr v. Hickenlooper, 744 F.3d 1156, 1173 (10th Cir.2014). To support that characterization, the panel opinion quotes from a passage in the Supreme Court’s opinion. The passage follows the Court’s discussion of the assignments of error raised by Pacific States in its brief to the Court. The Court stated that those assignments were “reduced to six propositions, which really amount to but one, since they are all based upon the single contention that the creation by a state of the power to legislate by the initiative and referendum causes the prior lawful state government to be bereft of its lawful character as the result of the provisions of [the Guarantee Clause].” Pac. States Tel. & Tel. Co., 223 U.S. at 137, 32 S.Ct. 224. After quoting the six propositions in Pacific States’ brief, the Court wrote:
In other words, the propositions each and all proceed alone upon the theory that the adoption of the initiative and referendum destroyed all government republican in form in Oregon. This being so, the contention, if held to be sound, would necessarily affect the validity, not only of the particular statute which is before us, but of every other statute passed in Oregon since the adoption of the initiative and referendum. And indeed, the propositions go farther than this, since in their essence they assert that there is no governmental function, legislative or judicial, in Oregon, because it cannot be assumed, if the proposition be well-founded, that there is, at one and the same time, one and the same government, which is republican in form, and not of that character.
Id. at 141, 32 S.Ct. 224 (emphasis added to language that is quoted by panel opinion).
This passage set forth the Court’s view of the implications of Pacific State’s argument, not what was actually stated in its brief. Nowhere did the brief argue, or even suggest, that everything done by any branch of the Oregon state government was illegitimate after approval of the constitutional provision allowing initiatives and referenda. The brief simply argued, as one would expect, that the tax was improper because the initiative process— under which the tax was enacted — was unlawful under the Guarantee Clause. Nor did the Supreme Court “[c]onstru[e] the ... complaint as an attempt to overturn ‘not only ... the particular statute which is before us, but ... every other *1188 statute passed in Oregon since the adoption of the initiative and referendum.’ ” Kerr, 744 F.3d at 1173 (quoting Pacific States, 223 U.S. at 140, 32 S.Ct. 224). Rather, it said only that if Pacific States’ arguments in its brief (not the complaint) were sound, then all other legislation (even if not adopted by initiative or referendum) would also fall. In other words, the Court was saying that either Oregon had a republican form of government or it did not; if Pacific States was correct in saying that the initiative process violated the Guarantee Clause, then the whole state government came tumbling down because it was not republican in form. The Court rejected, albeit sub silentio, the possibility that the Court could just invalidate the one feature of the Oregon government — the initiative process — that was incompatible with a republican form of government.
One can challenge the cogency of the reasoning in Pacific States. Professor Tribe wrote: “Chief Justice White’s decisive assumption was, to say the least, dubious: if a court found that a particular feature of state government rendered the government unrepublican, why could not the court simply declare that feature invalid?” 1 Laurence H. Tribe, American Constitutional Law § 3-13, at 369 (3d ed.2000). But we cannot ignore Supreme Court precedent just because we think it poorly reasoned. And the Supreme Court has never questioned the holding of nonjustici-ability in Pacific States. At most, in New York v. United States, 505 U.S. 144, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992), it indicated that there may be some questions under' the Clause that are justiciable. See id. at 184-86. Neither New York nor any other Supreme Court opinion since Pacific States, however, has cast doubt on the validity of the nonjusticiability holding of that opinion. Even Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), which formulated .a new framework for assessing whether a claim raises a nonjusticiable political question, see id. at 208-37, did not call into question Pacific States or any other decision under the Guarantee Clause. Indeed, commenting on the possibility that the appellants might have raised a claim under the Clause, the Court said, “Of course, as we have seen, any reliance on that clause would be futile.” Id. at 227.
Because I think it clear that Supreme Court precedent holds that the Guarantee Clause claim in this case is nonjusticiable, I vote for en banc review to correct the panel’s error.